UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   NOT FOR PUBLICATION
SHAKIM BRUNSON; JOHN DOE #1; JOHN
DOE #2; JOHN DOE #3,

                          Plaintiffs,

                                                      **MEMORANDUM AND ORDER**
                                                         16-CV-1471 (RRM) (LB)

   -against-

CITY OF NEW YORK DEPARTMENT OF
CORRECTION; BROOKLYN DETENTION
COMPLEX; MS. SMITH; MR. GREEN;
MS. JANE DOE; MR. KAHN; MR.
ABRAHAM,

                        Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On March 21, 2016, *pro se* plaintiff Shakim Brunson filed the instant *in forma pauperis* complaint challenging his prison conditions during his detention at the Brooklyn Detention Complex ("BDC"). (Compl. (Doc. No. 1).) Brunson is no longer detained at the BDC. (Pl.'s 4/4/16 Ltr. (Doc. No. 5).) Brunson sues the BDC, five individual correction officers, and the New York City Department of Correction ("DOC"). Brunson's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the claims purportedly brought on behalf of other detainees and the claims against the DOC and the BDC are dismissed. Brunson's complaint may proceed against the individual defendants.

## BACKGROUND

      The following facts are drawn from Brunson's complaint, the allegations of which are assumed to be true for the purposes of this Memorandum and Order. Brunson alleges that when defendant Kahn and a driver transferred him from a Manhattan facility to the BDC on February

1

20, 2016, he was handcuffed and placed in a very hot DOC "cage van" for over eight hours before being taken to intake at the BDC. (Compl. at 9, 11.)[1] Upon entering the BDC, his requests to defendants Green, Smith, and Deputy Jane Doe for medical treatment were denied. (*Id.* at 9–10.) He did not receive medical care until four days later. (*Id.* at 11.) Brunson has been diagnosed with high blood pressure, hypertension, and schizoaffective disorder and takes an unspecified daily medication. (*Id.* at 9, 11.) In addition, although his medical conditions require that he be in a facility that has air conditioning and the medical staff at the BDC directed that he be transferred to a facility with air-conditioning, as of March 21, 2016, the date Brunson filed the complaint, he remained at the BDC without it. (*Id.* at 12.) Brunson filed a grievance with the facility and with 311. (*Id.* at 11.) Brunson was released from the BDC on March 31, 2016 and is now at liberty. (Pl.'s 4/4/16 Ltr.) He seeks damages in the amount of $200,000 for each plaintiff. (Compl. at 6.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A,[2] a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte*

---

1 References to the record utilize ECF pagination for ease of reference.

2 Although Brunson has been released from custody, he was incarcerated at the time he filed his complaint and so is considered a "prisoner" under Section 1915A. *See Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 WL 1234971, *3 (S.D.N.Y. May 8, 2006) ("[C]ourts have determined that the PLRA does apply to a prisoner who filed a suit during his confinement and thereafter was released from prison."); *Rogers v. N.Y. City Police Dep't*, No. 12-CV-3042, 2012 WL 4863161, at *1 n.3 (E.D.N.Y. Oct. 12, 2012) (same).

dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." (internal quotation marks omitted)).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### I. John Doe Plaintiffs' Claims Must Be Dismissed.

Brunson is a non-attorney proceeding *pro se* purporting to represent the other inmates who were detained in the van with him on February 20, 2016. (*See* Compl. at 9.) Brunson may not bring these claims on behalf of the other detainees without a lawyer. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("[A]n individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, [but] the statute [28 U.S.C. § 1654] does not permit unlicensed laymen to represent anyone else other than themselves." (internal quotation marks omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that an unlicensed individual "may not appear on another person's behalf in the other's cause"). Thus, any claims brought on behalf of the John Doe plaintiffs are dismissed without prejudice.

### II. Section 1983 Claims against the BDC and the DOC Must Be Dismissed.

Brunson brings this claim pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege that the conduct complained of both was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006))).

Brunson names the DOC as a defendant in the caption of his complaint. The DOC, an

agency of the City of New York, does not have a legal identity separate and apart from the municipality and cannot be sued. *Bailey v. N.Y. City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (dismissing a § 1983 action against the DOC because, as an agency of New York City, it cannot be sued independently); *see also Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007) (noting that the district court correctly determined that the New York Police Department, an agency of a municipality, is a non-suable entity). Thus, Brunson's claims against the DOC are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

Likewise, Brunson may not bring a claim against the facility in which he was housed – the BDC – which is another non-suable entity. The BDC is not a "person" within the meaning of § 1983, and as part of the DOC – an agency of the City of New York – it cannot be sued independently. *See Thomas v. Bailey,* No. 10-CV-51, 2010 WL 662416, at *2 (E.D.N.Y. Feb. 22, 2010) (finding that Rikers Island is not a "person" within the meaning of § 1983 and, as a part of the DOC – a New York City agency – it cannot be sued independently); *Lauro v. Charles,* 219 F.3d 202, 205 n.2 (2d Cir. 2000) (finding that the New York City Police Department is a non-suable entity because it is a City agency); *see also* N.Y.C. Charter, Ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Accordingly, Brunson's claim against the BDC is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

**III. Brunson's Claims against the Individual Defendants Survive.**

Brunson's claims against the individual defendants, including the unknown Deputy Jane Doe, may proceed. However, the United States Marshal Service will not be able to effect service

5

of the summons and complaint on Deputy Jane Doe[3] without more information. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that Corporation Counsel ascertain the full name and service address of Deputy Jane Doe from whom plaintiff requested medical assistance when he was processed in the intake section of the BDC on February 20, 2016. *See Burton v. City of N.Y. Police Dep't*, No. 14-CV-7158, 2014 WL 7427534, at *2 (E.D.N.Y. Dec. 30, 2014) (requesting that, pursuant to *Valentin*, Corporation Counsel identify an undercover officer defendant and provide a service address for a named officer defendant). Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Brunson may name and properly serve defendant Deputy Jane Doe as instructed by the Second Circuit in *Valentin*.

## CONCLUSION

Brunson's § 1983 claims against the BDC and the DOC are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). No summons shall issue as to these defendants. Any claims brought on behalf of the John Doe plaintiffs are dismissed without prejudice. The Clerk of Court is directed to amend the caption to reflect the dismissal of these parties.

Brunson's complaint against the five remaining individual defendants, correction officers Green, Smith, Abraham, and Deputy Jane Doe of the BDC and Kahn of the Manhattan Detention Complex, may proceed. The Clerk of the Court is directed to issue summonses against officers Green, Smith, Abraham, and Kahn at the addresses provided in the complaint, and the United States Marshals Service is directed to serve the complaint and this Order on these defendants without prepayment of fees. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. Pursuant to *Valentin*, Corporation Counsel is hereby

---

3 Brunson indicates that Jane Doe's name is something similar to "People." (Compl. at 3.)

6

requested to produce the information specified above regarding the identity and service address of Deputy Jane Doe of the BDC within thirty (30) days of this Order.  Once this information is provided, Brunson's complaint shall be deemed amended to reflect the full name of the defendant, a summons shall be issued, and the Court shall direct service on her.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Brunson and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*
_____
Roslynn R. Mauskopf
United States District Judge

Dated:  Brooklyn, New York
        August 8, 2016